IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-00656-LTB-RTG

MICHAEL LEFEBVRE,

     Plaintiff,

v.

WELD COUNTY, COLORADO,
STEVE REAMS, Sheriff,
TRINITY SERVICE GROUP,
M. TURNER, Capt.,
M. ELBE, Capt.,
M. KNEE, Lt.,
POLLARD, Lt.,
BRANDON WILLIAMS, Intake Services,
O. BRAUN, Kitchen Supervisor,
M. BALDERES, Kitchen Supervisor,
TRENT, Kitchen Supervisor,
JAMES, Kitchen Supervisor,
JOHN DOE, T.S.G. Breakfast,
JOHN DOE, T.S.G. Regional Supervisor,
JOHN DOE, T.S.G. Kitchen, Lunch,
JOHN DOE, T.S.G. Kitchen, Dinner,
RICHARDS, Deputy,
CLARK, Deputy,
JOHN DOE, Kitchen Deputy,
JOHN DOE, Unit 4 Pod Deputy, Breakfast,
JOHN DOE, Unit 4 Pod Deputy, Lunch,
JOHN DOE, Unit 4 Pod Deputy, Dinner,
DUANE DURAN, Chaplain,
BILLINGTON, Sgt.,
KEEFE SUPPLY CO.,
JOHN DOE, Keefe Rep.,
OVERHALT, Sgt.,
J. MEADOWS, Sgt.,
HALLORAN, Lt.,
GARTRELL, Deputy,
SUMMERS, Sgt.,
JOHN DOE, Sgt., and
L. BOEHM, Mailroom Supervisor,

1

Defendants.

---

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

**Richard T. Gurley, United States Magistrate Judge**

This matter comes before the Court on the amended Complaint (ECF No. 22) filed *pro se* by Plaintiff, Michael Lefebvre on July 2, 2024. The matter has been referred to this Magistrate Judge for recommendation (ECF No. 26).

The Court must liberally construe Plaintiff's filings because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110; *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Having carefully reviewed and considered the filings to date, the entire case file, and the applicable law, this court respectfully **RECOMMENDS** that the amended Complaint be dismissed in part and the remainder assigned to a presiding judge.

**BACKGROUND**

Plaintiff is in the Adams Community Corrections Program—Phoenix Center, in Henderson, Colorado. He initiated this action *pro se* on March 7, 2024 by filing a Prisoner Complaint (ECF No. 1) asserting claims pursuant to 42 U.S.C. § 1983 for deprivation of his constitutional rights. Plaintiff has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. (ECF No. 4).

In a March 18, 2024 Order (ECF No. 5), the Court reviewed the Prisoner

2

Complaint pursuant to D.C.COLO.L.CivR 8.1(b) and 28 U.S.C. § 1915(e)(2), determined that it suffered from pleading deficiencies, and directed Plaintiff to file an amended Prisoner Complaint within 30 days. After the deadline was extended due to issues with his correct mailing address, Plaintiff timely filed an amended pleading on July 2, 2024. (ECF No. 22).

On August 7, 2024, the Court issued an Order Directing Plaintiff to File a Second Amended Prisoner Complaint within 30 days. (*See* ECF No. 24). Plaintiff was warned that failure to comply may result in dismissal of some or all of this action without prejudice and without further notice. (*Id.*). Plaintiff did not file a second amended Prisoner Complaint. Therefore, the Court reviews the allegations of the amended Complaint below.[1]

Plaintiff asserts the following claims against 33 Defendants, based on events that occurred while he was detained at the Weld County Jail in Greeley, Colorado:

(1) Between September 14 and November 3, 2023, Defendants violated Plaintiff's First Amendment right to practice his religion by serving him meals provided by Defendant Trinity Service Group ("T.S.G.") that "[were] purported to be kosher but [were] not kosher," and giving him the option "to remain faithful or not eat." Plaintiff states that he lost over 20 pounds because he was unable to eat the food provided at the jail. Plaintiff also claims that the Defendants violated his First Amendment free

---

1 Although the amended Complaint is not on the court-approved form as directed in the March 18 Order and the June 3, 2024 minute order (ECF No. 20), the Court will not elevate form over substance and ignore an arguable claim for relief in the pleading.

exercise and Fourteenth Amendment equal protection rights by requiring him to eat his meals alone in a separate room, while other inmates in the general population were allowed to dine together. (*See generally* ECF No. 22 at 8-11).

(2) Plaintiff's First Amendment right to practice his religion was violated when Defendant Keefe Supply Company ("K.S.C.") was allowed to sell food items on the jail kiosk, which Plaintiff purchased on several occasions, that were falsely represented to be kosher. The Chaplain and Weld County sheriff's deputies assured Plaintiff that the food items sold by K.S.C. on the kiosk were kosher, without verifying the fact, resulting in Plaintiff violating a fundamental tenet of his religion by consuming food that was not kosher. (*Id.* at 12-14).

(3) Plaintiff's constitutional right of access to the courts was violated when the Defendants failed to adhere to the jail's grievance procedure. (*Id.* at 14-16).

(4) Plaintiff's First Amendment right to privileged communications between himself, religious organizations, and legal departments at Weld County and the United States Department of Education was violated when the Defendants refused to process his outgoing legal/privileged mail, opened his incoming legal/privileged mail outside of his presence, and made copies of his legal/privileged mail. (*Id.* at 17-18). Plaintiff states that after he filed grievances, Weld County changed its procedures regarding the handling of inmates' privileged mail. (*Id.* at 18).

(5) Plaintiff was subjected to a hostile antisemitic environment at the jail as evidenced by the following: Defendant Clark made him eat in the dark because of his religious diet, while all other inmates in his unit were allowed to eat in a lighted area (*id.*

at 19-20); Deputy Bartecza made "gas chamber" comments that caused Plaintiff anxiety, sleep loss, and to fear for his safety (*id.* at 20); and, Defendant Richards purposefully allowed Plaintiff's kosher food tray to come into contact with non-kosher items on one occasion in order to "taint" the tray (*id.*).

The amended Prisoner Complaint does not include a request for relief. In the original Prisoner Complaint, Plaintiff indicated that he is suing the individual Defendants in their individual and official capacities for declaratory, injunctive and monetary relief. (ECF No. 1 at 3-5, 14).

## DISCUSSION

Pursuant to Rule 8 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P. 8(a)"), a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." *Id.* A plaintiff's vague and conclusory allegations that his rights have been violated do not entitle him to a day in court regardless of how liberally the court construes his *pro se* pleadings. *See Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992). "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110. To satisfy Fed. R. Civ. P. 8(a), a plaintiff must allege, in a clear, concise, and organized manner, what each named defendant did to him, when the defendant did it, how the defendant's action harmed him, what specific legal right he believes the defendant violated, and what specific relief he requests.

*Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (citations omitted).

**I. Legal Standards Applicable to § 1983 Claims**

To show an entitlement to relief under § 1983, Plaintiff must allege the deprivation of a right, privilege or immunity secured by the Constitution or federal law. *See West v. Atkins*, 487 U.S. 42 (1988).

**A.  Personal Participation Requirement**

Allegations of "personal participation in the specific constitutional violation complained of [are] essential" to imposing individual liability under § 1983. *Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011). There must be an affirmative link between the Defendant's own conduct and the alleged constitutional violation. *See Gallagher v. Shelton,* 587 F.3d 1063, 1069 (10th Cir. 2009); *Serna v. Colo. Dept. of Corr.*, 455 F.3d 1146, 1152-53 (10th Cir. 2006). In a lawsuit involving multiple defendants, it is "particularly important" that the plaintiff makes clear "exactly who is alleged to have done what to whom*, . . .* as distinguished from collective allegations." *Pahls v. Thomas*, 718 F.3d 1210, 1225 (10th Cir. 2013) (internal citations and quotation marks omitted). "A plaintiff's 'undifferentiated contention that defendants infringed his right'" are insufficient to demonstrate personal participation. *See Jemaneh v. Univ. of Wyoming*, 82 F. Supp. 3d 1281, 1296 (D. Colo.), *aff'd*, 622 F. App'x 765 (10th Cir. 2015) (citing *Pahls*, 718 F.3d at 1225). However, allegations that "loosely demonstrate[ ]" the affirmative link between the Defendant's conduct and the alleged constitutional violation may suffice at the pleading stage. *See Stidham v. Peace Officer Standards & Training*,

265 F.3d 1144, 1157 (10th Cir. 2001).

A supervisory official, such as Sheriff Reams, may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior.

*See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Instead,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677). Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id*. at 1199.

Additionally, the "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher*, 587 F.3d at 1069; *see also Whitington v. Ortiz*, 307 F. App'x 179, 193 (10th Cir. 2009) (unpublished) (stating that "the denial of the grievances alone is insufficient to establish personal participation in the alleged constitutional violations") (internal quotation marks and citation omitted).

**B. Weld County and Private Contractors**

Plaintiff's § 1983 claims asserted against the Weld County Sheriff and the individual Weld County sheriff's deputies in their official capacities are construed as claims against Weld County. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991) (stating that claims asserted against governmental officers or employees in their official capacities are construed as claims against the government).

To pursue relief under § 1983 against Weld County, Plaintiff must allege specific facts to show that his alleged constitutional injuries were caused by a county policy or custom. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989); *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 769-70 (10th Cir. 2013) (discussing applicable Supreme Court standards for municipal liability). "A challenged practice may be deemed an official policy or custom for § 1983 municipal-liability purposes if it is a formally promulgated policy, a well-settled custom or practice, a final decision by a municipal policymaker, or deliberately indifferent training or supervision." *Schneider*, 717 F.3d at 770 (internal citation omitted). Local government entities are not liable under § 1983 solely because their employees inflict injury on a plaintiff. *Monell v. New York City Dep' t of Social Servs.*, 436 U.S. 658, 694 (1978); *City of Canton*, 489 U.S. at 385; *Schneider*, 717 F.3d at 770. Further, Plaintiff cannot show an entitlement to relief against Weld County under § 1983 based on isolated incidents. *See Monell*, 436 U.S. at 694.

Similarly, to hold the private food contractors liable under § 1983, Plaintiff must allege specific facts to demonstrate that he suffered a constitutional injury caused by an

official T.S.G. or K.S.C. policy or custom. *See Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir. 2003) (holding that traditional municipal liability principles apply to claims brought pursuant to 42 U.S.C. § 1983 against private corporations); *Smedley v. Corrections Corp. of America*, 175 F. App'x 943, 946 (10th Cir. 2005) ("in order to hold CCA liable for the alleged tortious acts of its agents, [plaintiff] must show that CCA directly caused the constitutional violation by instituting an official policy of some nature that was the direct cause or moving force behind the constitutional violations") (internal citation and quotation marks omitted).

## II.  Analysis of Claims

### A. First Amendment Free Exercise/RLUIPA claims

"It is well-settled that inmates retain protections afforded by the First Amendment, including its directive that no law shall prohibit the free exercise of religion." *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (cleaned up). An inmate's right to free exercise of religion includes the right to a diet that conforms with their religious beliefs. *See Beerheide v. Suthers*, 286 F.3d 1179, 1185 (10th Cir. 2002). To pursue a free-exercise claim under the First Amendment a prisoner must allege a substantial burden on his sincerely held religious beliefs. *See Kay,* 500 F.3d at 1218. Where a substantial burden is shown, the policy will survive constitutional scrutiny if it is reasonably related to legitimate penological interests. *See id*. at 1218-19 (following *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348-49 (1987), and *Turner v. Safley*, 482 U.S. 78, 88-91 (1987)).

Prisoners also have a right under the Religious Land Use and Institutionalized Persons Act ("RLUIPA") to a diet that conforms to their sincerely held religious beliefs. *See Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1314-15 (10th Cir. 2010). Under RLUIPA, a plaintiff "must demonstrate he wishes to engage in (1) a religious exercise (2) motivated by a sincerely held belief, which exercise (3) is subject to a substantial burden imposed by the government." *Id.* at 1312. A government act imposes a "substantial burden" on religious exercise if it: (1) "requires participation in an activity prohibited by a sincerely held religious belief," (2) "prevents participation in conduct motivated by a sincerely held religious belief," or (3) "places substantial pressure on an adherent . . . to engage in conduct contrary to a sincerely held religious belief." *Id*. at 1315. Plaintiff's remedy under RLUIPA is limited to appropriate relief against a government. *See* 42 U.S.C. § 2000cc-2(a).[2]

## 1.  Failure to Provide a Diet Conforming to Religious Beliefs

Plaintiff asserts in claim one that between September 14 and November 3, 2023, the Defendants violated his First Amendment right to practice his religion by serving him meals provided by Defendant Trinity Service Group ("T.S.G.") that "[were] purported to be kosher but [were] not kosher," and giving him the option "to remain faithful or not eat." Plaintiff states that he lost over 20 pounds because he was unable to eat the food

---

[2] The term "government" means "(i) a State, county, municipality, or other governmental entity created under the authority of a State; (ii) any branch, department, agency, instrumentality, or official of an entity listed in clause (i); and (iii) any other person acting under color of State law." 42 U.S.C. § 2000cc-5(4)(A). RLUIPA does not permit individual capacity claims. *See Stewart v. Beach*, 701 F.3d 1322, 1335 (10th Cir. 2012).

provided at the jail. (*See generally* ECF No. 22 at 8-11).

The Defendants identified as interfering with Plaintiff's First Amendment free exercise rights are: T.S.G. (the food contractor for the jail), several T.S.G employees (T.S.G. John Does ## 1-3, T.S.G. Supervisors John Does ## 4, 5, Olivia Braun, M. Balderes, and T.S.G. Regional Director John Doe # 6),[3] Weld County, Weld County Sheriff Steve Reams, and various Weld County sheriff's deputies and supervisor officials (Capt. Turner, Capt. Elbe, Lt. Knee, B. Williams, Deputy Richards, Deputy Clark, John Doe "Kitchen Deputies," John Doe Unit 4 Pod Deputies, and the Chaplain).

The Court warned Plaintiff in the March 18 Order that he must allege specific facts in the amended pleading to show each named Defendant's personal involvement in the alleged deprivations of his constitutional rights instead of making allegations against the Defendants collectively. The allegations of the amended Complaint indicate that the Defendants who presumably knew whether Plaintiff was in fact receiving a kosher diet and who were responsible for ensuring that the contents of Plaintiff's meal trays complied with his religious dietary requirements are T.S.G. and individuals identified in the amended Complaint as T.S.G. employees ("the T.S.G. Defendants"). The Court finds that the First Amendment free exercise claims against the T.S.G.

---

3 It is unclear whether the Defendants identified in the caption of the amended Complaint as Trent, Kitchen Supervisor, and James, Kitchen Supervisor, are the same as the John Doe T.S.G. Supervisors identified as culpable Defendants listed under claim one in the body of the pleading. Likewise, it is unclear whether the Defendants identified in the caption of the amended Complaint as John Does T.S.G. Breakfast, Lunch and Dinner are the same as T.S.G. John Does ## 1-3 identified as culpable Defendants listed under claim one in the body of the pleading. For purposes of initial review, the Court will err on the side of caution and assume they are the same.

Defendants for denial of a religious diet, and against Weld County under the RLUIPA, are not appropriate for summary dismissal. However, Plaintiff's collective allegations against the remaining Defendants in support of his First Amendment free exercise claim are vague and conclusory. Plaintiff does not allege any facts to suggest that the non-T.S.G. Defendants were personally involved in preparing or determining the contents of Plaintiff's food trays or intentionally served Plaintiff with food items that they knew did not satisfy religious dietary requirements. Plaintiff has thus not alleged sufficient facts to demonstrate an entitlement to relief against the non-T.S.G. Defendants for imposing a substantial burden on his sincerely held religious beliefs by denying him a kosher diet. Therefore, it is recommended that the First Amendment free exercise and RLUIPA claims for denial of a kosher diet asserted against the Defendants, other than T.S.G., Braun, Balderes, T.S.G. Supervisors Trent, James, John Doe T.S.G. Regional Supervisor, John Doe T.S.G. Breakfast, John Doe T.S.G. Kitchen Lunch, John Doe T.S.G. Kitchen Dinner, and Weld County, be dismissed without prejudice for Plaintiff's failure to comply with the pleading requirements of Rule 8.

### 2. Misrepresentation of Food Items Sold on Jail Kiosk as Kosher

Plaintiff asserts in claim two that his religious beliefs were substantially burdened when Defendant K.F.C. was allowed to sell food items on the jail kiosk, which Plaintiff purchased on several occasions, that were falsely represented to be kosher. Plaintiff states that the Chaplain and Weld County sheriff's deputies assured Plaintiff that the food items sold by Keefe to Plaintiff on the kiosk were kosher, without verifying the fact, resulting in Plaintiff violating a fundamental tenet of his religion by consuming food that

was not kosher. (ECF No. 22 at 12-14). Plaintiff brings this claim against Weld County, Sheriff Steve Reams, Chaplain Duane Duran, Capt. Turner, Lt. Knee, Sgt. Billington, Capt. Elbe, K.F.C. and John Doe K.F.C. Representative.

The Court finds that the First Amendment free exercise and RLUIPA claims are not appropriate for summary dismissal as to the alleged conduct of Defendants KFC, the John Doe KFC Representative, and Weld County. However, the allegations against Sheriff Steve Reams, Chaplain Duane Duran, Capt. Turner, Lt. Knee, Sgt. Billington, Capt. Elbe, do not suggest intentional conduct by those individuals that resulted in a substantial burden on Plaintiff's religious beliefs. Instead, Plaintiff's allegations indicate only that the jail officials relied on the representations of KFC or its representative in assuring Plaintiff that kiosk items were kosher. Therefore, it is recommended that the First Amendment free exercise and RLUIPA claims against Defendants other than K.F.C., the John Doe K.F.C. Representative, and Weld County, be dismissed without prejudice for Plaintiff's failure to comply with the pleading requirements of Fed.R.Civ.P. 8.

### 3. Other Infringements on First Amendment Free Exercise Rights

Plaintiff also asserts in claim one that the Defendants violated his First Amendment free exercise rights by requiring him to eat his meals alone in a separate room, while other inmates in the general population were allowed to dine together. (*See generally* ECF No. 22 at 8-11). Again, Plaintiff makes collective allegations against 22 Defendants. The only specific allegations of alleged misconduct are found in claim five, where Plaintiff alleges that Defendant Clark forced Plaintiff to eat by himself because of his religion. (*See id.* at

19-20). The claim against Clark is inappropriate for summary dismissal and will be drawn to a presiding judge. It is recommended that the claim be dismissed without prejudice as to all other Defendants for Plaintiff's failure to state facts showing an entitlement to relief.

In addition, Plaintiff alleges in claim five that Defendant Richards purposefully allowed Plaintiff's kosher food tray to come into contact with non-kosher items on one occasion in order to "taint" the tray. (ECF No. 22 at 20). The Court liberally construes the conduct attributed to Defendant Richards as a potential violation of Plaintiff's First Amendment free exercise rights and finds that the claim is inappropriate for summary dismissal.

Plaintiff further asserts in claim five that he was subjected to a hostile antisemitic environment at the jail when Deputy Barteczka made "gas chamber" comments that caused Plaintiff anxiety, sleep loss, and to fear for his safety (*id.* at 20). However, a discriminatory comment by itself does not violate the Constitution. *See Wideman v. United States Gov't*, 804 F. App'x 883, 888-89 (10th Cir. 2020) (unpublished); *Moore v. Morris,* 116 F. App'x 203, 205 (10th Cir. 2004) (while a racial epithet is inexcusable and offensive, it does not amount to a constitutional violation). Furthermore, Barteczka is not named as a Defendant in the caption of the amended Complaint.

**B. First Amendment Claim - Interference with Mail**

Plaintiff asserts in claim four that his First Amendment right to privileged/legal communications between himself, religious organizations, and legal departments at Weld County and the United States Department of Education was violated when the Defendants refused to process his outgoing legal/privileged mail, opened his incoming

legal/privileged mail outside of his presence, and made copies of his legal/privileged mail. (ECF No. 22 at 17-18). Plaintiff states that after he filed grievances, Weld County changed its procedures regarding the handling of inmates' legal/privileged mail. (*Id.* at 18). He asserts this claim against the following Defendants: Weld County, Sheriff Reams, Capt. Turner, Capt. Elbe, Lt. Knee, mailroom supervisor Boehm, and John Doe mailroom worker.[4]

While "[c]orrespondence between a prisoner and an outsider implicates the guarantee of freedom of speech," *Treff v. Galetka*, 74 F.3d 191, 194 (10th Cir.1996), the Supreme Court has recognized that the control of mail to and from prisoners is a necessary adjunct to penal administration. *See Thornburgh v. Abbott*, 490 U.S. 401, 407-08 (1989) (acknowledging that prison officials are better equipped than the judiciary to deal with the security implications of interactions between prisoners and the outside world). Under *Turner*, prison regulations which restrict a prisoner's First Amendment rights "are permissible if they are reasonably related to legitimate penological interests and are not an exaggerated response to those concerns." *Beard v. Banks*, 548 U.S. 521, 528 (2006) (internal quotations and citation omitted). *See also Turner,* 482 U.S. at 89. A prisoner asserting a violation of his First Amendment right to communicate with persons outside the prison must allege facts to show that the challenged actions are not "reasonably related to a legitimate penological interest." *Gee v. Pacheco*, 627 F.3d 1178, 1187-88 (10th Cir. 2010).

---

4 In an abundance of caution, the Court will assume that the person identified as John Doe mailroom worker under claim four of the amended Complaint is the same individual who is identified as John Doe Sgt. in the caption of the amended Complaint, listed immediately above Defendant Boehm, mailroom supervisor.

The amended Complaint does not include any specific facts as to what pieces of legal or "privileged" mail were tampered with and which Defendants were personally involved in the tampering, particularly with respect to those Defendants who are not alleged to be part of the mailroom staff. Again, to the extent Plaintiff is seeking to hold certain Defendants liable for their responses to his grievances, he fails to show their personal involvement in the alleged constitutional deprivation. However, the Court presumes from the totality of Plaintiff's allegations that Defendants mailroom supervisor Boehm and the John Doe mailroom worker (i.e., John Doe Sgt.) were involved in the alleged misconduct. Further, Plaintiff's allegations that Weld County had an unconstitutional mail tampering policy that was changed by the County after Plaintiff filed grievances regarding the same are sufficient to withstand summary dismissal.

It is recommended that the First Amendment claim for interfering with Plaintiff's legal/privileged mail, as asserted against Defendant Sheriff Reams, Capt. Turner, Capt. Elbe, and Lt. Knee, be dismissed without prejudice pursuant to Fed. R. Civ. P. 8(a) for Plaintiff's failure to allege facts showing an entitlement to relief. The First Amendment claim for interference with Plaintiff's legal/privileged mail as asserted against Defendant Weld County, mailroom supervisor Boehm, and John Doe Sgt. should be drawn to a presiding judge.

### C. Constitutional Right of Access to the Courts

Plaintiff asserts in claim three that his constitutional right of access to the courts was violated when the Defendants failed to adhere to the jail's grievance procedure. (ECF No. 22 at 14-16).

An inmate does not have an independent constitutional right to a state administrative grievance procedure. *See Boyd v. Werholtz*, 443 F. App'x 331, 332 (10th Cir. 2011). Instead, "[w]hen the claim underlying the administrative grievance involves a constitutional right, the prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain his grievances." *Id*. (quoting *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir.1991)).

Prison inmates have a constitutional right to meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817, 823 (1977), *overruled in part on other grounds by Lewis v. Casey*, 518 U.S. 343, 354 (1996). To have standing to raise a claim of denial of access to the courts, a prisoner must demonstrate actual injury—that he was prejudiced in his efforts to pursue a non-frivolous civil rights or habeas corpus claim. *Lewis*, 518 U.S. at 350-51, 353-55. *See also Trujillo v. Williams*, 465 F.3d 1210, 1226 (10th Cir. 2006) ("To state a claim for denial of such a right, [plaintiff] must show that any denial or delay of access to the court prejudiced him in pursuing litigation."); *Peterson v. Shanks*, 149 F.3d 1140, 1145 (10th Cir.1998) ("To present a viable claim for denial of access to courts, however, an inmate must allege and prove prejudice arising from Defendants' actions."). An inmate may demonstrate actual injury by showing that he was unable to meet a filing deadline or present a claim, which resulted in an adverse ruling or other impediment. *Lewis*, 518 U.S. at 350, 353.

Plaintiff does not allege any facts in the amended Complaint to show that he suffered an actual injury to his ability to present or pursue a non-frivolous civil rights or habeas corpus claim. It is thus recommended that his claim for denial of the right of

access to the courts be dismissed without prejudice as to all named Defendants pursuant to Rule 8(a) for Plaintiff's failure to allege sufficient facts to show an entitlement to relief.

### D. Fourteenth Amendment Equal Protection Claims

Plaintiff asserts in claims one and five that several Defendants, and, specifically, Defendant Clark, violated his Fourteenth Amendment equal protection rights by requiring him to eat his meals alone in a separate room in the dark because of his religious beliefs, while other inmates in the general population were allowed to dine together in a lighted area. (*See* ECF No. 22 at 9-11, 19-20).

"The equal protection clause provides that '[n]o state shall . . . deny to any person within its jurisdiction the equal protection of the laws,'" *Grace United Methodist Church v. City of Cheyenne*, 451 F.3d 643, 659 (10th Cir. 2006) (quoting U.S. Const. amend. XIV, § 1), "which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). To show an entitlement to relief under the Equal Protection Clause, a plaintiff must first make a "threshold showing" that he or she was treated differently from others with whom the plaintiff was similarly situated. *Brown v. Montoya*, 662 F.3d 1152, 1172-73 (10th Cir. 2011) (internal quotation marks and citation omitted).

Discrimination based on religion implicates a fundamental right and is a suspect classification subject to strict scrutiny under the Equal Protection Clause. *See Ashaheed v. Currington*, 7 F.4th 1236, 1250-51 (10th Cir. 2021); *Abdulhaseeb*, 600 F.3d at 1322 n.10 (citing *United States v. Batchelder*, 442 U.S. 114, 125 n. 9 (1979) ("The Equal

Protection Clause prohibits selective enforcement based on an unjustifiable standard such as race, religion, or other arbitrary classification.") (internal quotation marks and citation omitted).

The Court finds that Plaintiff's specific allegations against Defendant Clark in claim five are inappropriate for summary dismissal. However, the allegations in support of the equal protection claim as asserted against any other Defendant are vague and conclusory.

It is recommended that the Fourteenth Amendment equal protection claim be dismissed without prejudice pursuant to Fed. R. Civ. P. 8(a) as to all Defendants other than Defendant Clark for Plaintiff's failure to state facts showing an entitlement to relief.

Upon completion of review pursuant to D.C.COLO.LCivR 8.1(b), the Court finds that the following claims are not appropriate for summary dismissal: (1) First Amendment free exercise/RLUIPA claims for failing to provide Plaintiff a diet conforming to his sincerely held religious beliefs asserted against Defendants T.S.G., Braun, Balderes, Supervisors Trent and James, T. John Doe T.S.G. Regional Supervisor, John Doe T.S.G. Breakfast, John Doe T.S.G. Kitchen Lunch, and John Doe T.S.G. Kitchen Dinner; (2) First Amendment free exercise/RLUIPA claims against K.F.C., John Doe K.F.C. Representative, and Weld County for misrepresenting items sold on the jail kiosk as kosher; (3) First Amendment Free Exercise claim against Defendant Clark for forcing forced Plaintiff to eat by himself because of his religion and against Defendant Richards for purposefully allowing Plaintiff's kosher food tray to come into contact with non-kosher items on one occasion in order to "taint" the tray; (4) First Amendment claim for

interfering with Plaintiff's legal/privileged mail asserted against Defendants Weld County, mailroom supervisor Boehm, and John Doe Sgt.; and (5) Fourteenth Amendment equal protection claim against Defendant Clark. It is recommended that the aforementioned claims be assigned to a presiding judge and, if applicable, to a magistrate judge pursuant to D.C.COLO.LCivR 40.1(a). *See* D.C.COLO.LCivR 8.1(c).

## RECOMMENDATION

For the reasons set forth above, it is respectfully

**RECOMMENDED** that First Amendment free exercise/RLUIPA claim for failing to provide Plaintiff a diet conforming to his sincerely held religious beliefs, as asserted against all Defendants other than Defendants T.S.G., Braun, Balderes, T.S.G. Supervisors Trent and James, John Doe T.S.G. Regional Supervisor, John Doe T.S.G. Kitchen Breakfast, John Doe T.S.G. Kitchen Lunch, John Doe T.S.G. Kitchen Dinner, and Weld County, be DISMISSED WITHOUT PREJUDICE pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for Plaintiff's failure to comply with the pleading requirements of Rule 8.[5] It is

---

[5] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive, or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual and legal conclusions of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656,

**FURTHER RECOMMENDED** that the First Amendment free exercise/RLUIPA claim for purposefully misrepresenting items sold on the jail kiosk as kosher, as asserted against all Defendants other than Defendants K.F.C., the John Doe K.F.C. Representative, and Weld County, be DISMISSED WITHOUT PREJUDICE pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for Plaintiff's failure to comply with the pleading requirements of Rule 8. It is

**FURTHER RECOMMENDED** that the First Amendment claim for interference with Plaintiff's legal/privileged mail asserted against Defendants other than Defendants Weld County, mailroom supervisor Boehm, and John Doe Sgt., be DISMISSED WITHOUT PREJUDICE pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for Plaintiff's failure to comply with the pleading requirements of Rule 8. It is

**FURTHER RECOMMENDED** that the Fourteenth Amendment equal protection claim, as asserted against all Defendants other than Defendant Clark, be DISMISSED WITHOUT PREJUDICE pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for Plaintiff's failure to comply with the pleading requirements of Rule 8. It is

**FURTHER RECOMMENDED** that Defendants Sheriff Reams, M. Turner, M. Elbe, M. Knee, Lt. Pollard, Brandon Williams, John Doe Kitchen Deputy, John Does Unit 4 Pod Deputies Breakfast, Lunch and Dinner, Chaplain Duran, Sgt. Billington, Sgt. Overhalt, Sgt. Meadows, Lt. Halloran, Deputy Gartrell, and Sgt. Summers be DISMISSED as parties to this action. It is

**FURTHER RECOMMENDED** that the following claims be DRAWN to a presiding

---

659 (10th Cir. 1991).

judge and if applicable to a Magistrate Judge pursuant to D.C.COLO.LCivR 40.1(a): (1) First Amendment free exercise/RLUIPA claims for failing to provide Plaintiff a diet conforming to his sincerely held religious beliefs asserted against Defendants T.S.G., Braun, Balderes, Supervisors Trent and James, John Doe T.S.G. Regional Supervisor, John Doe T.S.G. Kitchen Breakfast, John Doe T.S.G. Kitchen Lunch, and John Doe T.S.G. Kitchen Dinner; (2) First Amendment free exercise/RLUIPA claims against K.F.C., John Doe K.F.C. Representative, and Weld County for misrepresenting items sold on the jail kiosk as kosher; (3) First Amendment Free Exercise claim against Defendant Clark for forcing forced Plaintiff to eat by himself because of his religion and against Defendant Richards for purposefully allowing Plaintiff's kosher food tray to come into contact with non-kosher items on one occasion in order to "taint" the tray; (4) First Amendment claim for interfering with Plaintiff's legal/privileged mail asserted against Defendants Weld County, mailroom supervisor Boehm, and John Doe Sgt.; and (5) Fourteenth Amendment equal protection claim asserted against Defendant Clark.

DATED November 4, 2024.

BY THE COURT:

_____
Richard T. Gurley
United States Magistrate Judge