**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: 24-cv-00656-SBP

MICHAEL LEFEBVRE,

    Plaintiff,

v.

WELD COUNTY, COLORADO,
TRINITY SERVICE GROUP,
O. BRAUN, KITCHEN SUPERVISOR,
M. BALDERES, KITCHEN SUPERVISOR,
TRENT, KITCHEN SUPERVISOR,
JAMES, KITCHEN SUPERVISOR,
JOHN DOE, T.S.G. BREAKFAST,
JOHN DOE, T.S.G. REGIONAL SUPERVISOR,
JOHN DOE, T.S.G. KITCHEN, LUNCH,
JOHN DOE, T.S.G. KITCHEN, DINNER,
RICHARDS, DEPUTY,
CLARK, DEPUTY,
DUANE DURAN, CHAPLAIN,
KEEFE SUPPLY CO.,
JOHN DOE, KEEFE REP.,
L. BOEHM, MAILROOM SUPERVISOR

    Defendants.

## ANSWER AND AFFIRMATIVE DEFENSES

Come Now Defendants Trinity Services Group, Inc. (incorrectly named as "Trinity Service Group" in Plaintiff's Complaint, hereinafter "Trinity"), Olivia Braun, Megan Braun-Balderes, Trent Madche, James Feather (collectively "Trinity Defendants"), and Keefe Commissary Network, LLC d/b/a Keefe Supply Company (named as "Keefe Supply Co." in Plaintiff's

Complaint[1], hereinafter "Keefe," collectively "Defendants") and for their[2] Answer and Affirmative Defenses to Plaintiff's Amended Complaint [Doc. 22], as interpreted by this Court in its Screening Order [Docs. 27, 28] states as follows:

### Answer

General Statement: Plaintiff's Amended Complaint was heavily revised by this Court and Plaintiff's Amended Complaint is presented in narrative format rather than in numbered facts to which an Answer can be crafted. In lieu of a line by line response to the unnumbered complaint, much of which is dismissed, Defendants will respond to the Amended Complaint as interpreted by this Court:

<u>First Amendment/RLUPIA for Dietary Claims</u>: Trinity Defendants deny that they failed to provide Plaintiff a diet conforming to his sincerely held religious beliefs.

<u>First Amendment/RLUIPA for Commissary Claims</u>: Keefe denies that it purposefully misrepresented items sold on the jail kiosk as Kosher.

No other claims remain directed against Defendants. In the event that any other claims are construed against Defendants, the same are denied.

### Affirmative Defenses

1.  Plaintiff's Complaint fails, in whole or in part, to state a claim against Defendants upon which relief may be granted.

---

[1] The Magistrate appears to have shortened Keefe Supply Company to an initials and transposed the S to an F. When the Magistrate and Judge refer to Defendant K.F.C., Keefe assumes that the intent was to refer to Keefe.

[2] The Court allowed claims against John Doe Trinity and Keefe Defendants to proceed past merit review. Once these individuals are identified through discovery, they may be represented by the undersigned as well.

2. At all times relevant herein, Defendants acted in good faith in the performance of their official duties without violating Plaintiff's clearly established statutory or Constitutional rights of which a reasonable person would have known. Defendants are thereby, protected from suit by the doctrine of qualified immunity.

3. To the extent that Plaintiff has failed to exhaust his administrative remedies prior to the initiation of the cause of action, Plaintiff's claims are barred by the Prison Litigation Reform Act and other applicable statutes.

4. To the extent Plaintiff's claims are against Defendants in their official capacity, the claims are barred by the Eleventh Amendment.

5. To the extent that Plaintiff has failed to appropriately disclose his litigation history to this Court, Plaintiff's claims are subject to dismissal pursuant to the requirements of the Prison Litigation Reform Act.

6. Any award of punitive damages would violate the Constitution's protection against deprivation of property without due process.

7. In the event Plaintiff received or does receive any consideration or settlement from another tortfeasor, Defendants are entitled to a setoff in the amount of any such consideration or settlement.

8. If Plaintiff was injured, which Defendants deny, such injury was caused by the negligence, carelessness or fault of Plaintiff.

9. If Plaintiff was injured, which Defendants deny, such injury was caused by the negligence, carelessness or fault of a third party over with Defendants have no control.

3

10. Plaintiff has failed to allege an unconstitutional policy or procedure pursuant to *Monell* and his suit thereby fails.

11. Plaintiff's claims are barred by the applicable statute of limitations.

Defendants reserve the right to supplement these defenses as discovery continues.

Respectfully submitted this 17th day of January, 2025.

*s/ Zane A. Gilmer*
Zane A. Gilmer
Simone T. Stover
**STINSON LLP**
1144 Fifteenth Street, Suite 2400
Denver, CO 80202
Phone: 303.376.8416
Email: zane.gilmer@stinson.com
Email: simone.stover@stinson.com

*Attorney for Defendants Trinity Services Group, Inc., Keefe Supply Company, Olivia Braun, Trent Madche, Megan Braun-Balderas, and James Feather*

5

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on January 17, 2025 all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system. Any other counsel of record will be served in accordance with the Federal Rules of Civil Procedure.

*s/ Zane A. Gilmer*
Zane A. Gilmer